# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **JASON S. MISE,** ) | **CASE NO. 5:06CV120** |
| ) | |
| **Petitioner,** ) | |
| v. ) | **JUDGE PETER C. ECONOMUS** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | **MEMORANDUM OPINION &** |
| **Respondent.** ) | **ORDER** |

This matter is before the Court upon Petitioner, Jason S. Mise's, *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Dkt. # 1). Also before the Court is the Government's Response in Opposition to Petitioner's Motion (Dkt. # 5). For the reasons set forth below, Petitioner's motion is **DENIED**.

## I. FACTUAL BACKGROUND

On December 10, 1998, Petitioner, Jason S. Mise, ("Petitioner"), was found guilty by jury trial of violations of Title 26 U.S.C. §§ 5841, 5861(f), and 5871, manufacturing of an unregistered pipe bomb, and Title 26 U.S.C. §§ 5841, 5861(d), 5861(e), and 5871, possession of an unregistered pipe bomb. (Case No. 5:98CR333, Dkt. #s 26, 27). On May 4, 1999, this Court sentenced Petitioner to, *inter alia*, 70 months imprisonment and three years of supervised release.[1] (Case No. 5:98CR333, Dkt. # 41). Petitioner appealed this Court's conviction and sentence to the United States Court of Appeals for the Sixth Circuit. (Case

---

[1] Petitioner has served his entire sentence in this matter, except for his term of supervised release. However, he is currently serving a consecutive 133 month sentence in Case No. 99CR270 before Judge David D. Dowd, Jr. (Dkt. # 1).

No. 5:98CR333, Dkt. # 42). The Sixth Circuit affirmed this Court's judgment of conviction and sentence on January 22, 2001. (Case No. 5:98CR333, Dkt. # 55). Petitioner did not petition the Supreme Court for a writ of certiorari.

On January 18, 2006, Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Dkt. # 1). The Government, in its response, argues that Petitioner's motion is time-barred by the one-year statute of limitations prescribed by 28 U.S.C. § 2255, ¶ 6(1). (Dkt. # 5).

## II.     STANDARD OF REVIEW

Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (2006). "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994).

Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." Green v. United States,

445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983).

### III. ANALYSIS

Section 2255, ¶ 6, provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of du diligence.

28 U.S.C. § 2255 (2006). The one-year limitation period is a statute of limitations. See Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001). Generally, the operative date from which the limitations period begins to run is "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255, ¶ 6(1); See Dodd v. United States, 545 U.S. 353 (2005).

"The conviction of a federal criminal defendant who takes a direct appeal to the court of appeals becomes final, for the purposes of 28 U.S.C. § 2255, 'upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed.'" Humphress v. United States, 398 F.3d 855, 860 (6th Cir.2005)(citing Sanchez-Castellano v. United States, 358 F.3d 424, 426

(6th Cir.2004).  As Petitioner did not file a petition for a writ of certiorari, his conviction became final 90 days following the Sixth Circuit's order affirming this Court's conviction and sentence.  Therefore, Petitioner's conviction became final, for § 2255 purposes, on April 22, 2001.

However, in his § 2255 motion, Petitioner argues that this Court violated his Fifth and Sixth Amendment rights under the United States Constitution when it applied sentencing enhancements in accordance with the United States Sentencing Guidelines.[2]  (Dkt. # 1). Petitioner further contends that such sentencing enhancements should have been alleged in the indictment and presented to a jury.  (Dkt. # 1).  He argues that "he was denied his right to have a jury find said factors beyond a reasonable doubt in violation of Apprendi/Blakely/Booker."  (Dkt. # 1).

The Booker decision rendered the Sentencing Guidelines as advisory rather than mandatory.  Building on that decision, the Sixth Circuit determined that Booker does not apply retroactively to cases on collateral review because Booker announced a new rule of criminal procedure.  See Humphress, 398 F.3d at 860-863 (analyzing fully the non-retroactivity of Booker in the context of § 2255 petitions).  Other circuits have agreed with this position.  See, e.g., McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005);

---

[2]  This Court applied the following sentencing enhancements: two levels pursuant to U.S.S.G. § 2K2.1(b)(3) as the offenses involved a destructive device (pipe bomb); two levels for obstruction of justice (perjury) under U.S.S.G. § 3C1.1; and four levels for possessing or transferring a destructive device (pipe bomb) with knowledge obtained or reason to believe that it would be used or possessed in connection with another felony, pursuant to U.S.S.G. § 2K2.1(b)(5).  (Dkt. # 5, Sentencing Transcript at 17-18).

-4-

Guzman v. U.S., 404 F.3d 139 (2nd Cir. 2005); United States v. Price, 400 F.3d 844, 845 (10th Cir.2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir.2005) (per curiam).

Recognizing the non-retroactivity of the Booker decision, Petitioner appears to rely on 28 U.S.C. § 2255, ¶ 6(3) by filing his motion within one year after Booker was decided. See Dodd, 545 U.S. 353 (holding that the one-year limitation under ¶ 6(3) begins to run on the date on which this Court 'initially recognized' the right asserted in an applicant's motion, not the date on which that right was made retroactive). However, "the date on which the right asserted was initially recognized by the Supreme Court" does not act as the operative date for triggering the one-year limitations period under § 2255 if the right being asserted has not yet become retroactive. Dodd, 545 U.S. at 357. Consequently, a claim of error under Booker cannot be raised in a petition on collateral review where the underlying conviction became final prior to the Booker decisions.

Therefore, because Booker has not been made retroactive, the one-year period within which Petitioner could have filed his § 2255 motion began to run on the date his conviction became final. 28 U.S.C. § 2255; see, eg., Hyatt v. United States, 207 F.3d 831, 832 (6th Cir. 2000) ("28 U.S.C. § 2255 precludes a prisoner from filing a § 2255 motion more than one year after the conviction becomes final."). Accordingly, because Petitioner's conviction became final on April 22, 2001, he had one year, or until April 23, 2002, to file a motion under § 2255.[3] Petitioner did not file the present § 2255 petition until January 18, 2006. As

---

[3]  April 22, 2002 fell on a Sunday, thus giving Petitioner until the following Monday, April 23, 2002, within which to file a motion pursuant to § 2255.

Petitioner did not file within that one year period, his petition must be denied.

### IV.  EVIDENTIARY HEARING

Finally, section 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." See Green, 445 F.2d at 848; Bryan, 721 F.2d at 577 (6th Cir. 1983).

In the case *sub judice*, Petitioner is not entitled to an evidentiary hearing because "the motion and the files and the records of the case conclusively show that [Petitioner] is entitled to no relief." Green, 445 F.2d at 848. Accordingly, Petitioner's request for an evidentiary hearing is denied.

### V.  CONCLUSION

For the reasons stated above, the Court hereby orders the petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is **DENIED**. Accordingly, this action is **DISMISSED**.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c);  Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

**/s/ Peter C. Economus - August 29, 2006**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**